IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:11-CV-138-FL

| | |
|---|---|
| ALBERT JOYNER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Albert Joyner, Jr. ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on the grounds that he is not disabled.[1] The case is before the court on the respective parties' motions for judgment on the pleadings. (D.E. 37, 45). Both parties filed memoranda in support of their respective motions (D.E. 38, 46). For the reasons set forth below, it will be ordered that the Commissioner's motion be allowed, plaintiff's motion be denied, and the final decision of the Commissioner be affirmed.

I.  BACKGROUND

A.  Case History

Plaintiff filed applications for DIB and SSI on 6 June 2008, alleging a disability onset date of 31 July 2006. Transcript of Proceedings ("Tr.") 11. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 11, 57-60, 62-65, 93.

---

[1] The statutes and regulations applicable to disability determinations for DIB and SSI are in most respects the same. The provisions relating to DIB are found in 42 U.S.C. subch. II, §§ 401, *et seq.* and 20 C.F.R. pt. 404, and those relating to SSI in 42 U.S.C. subch. XVI, §§ 1381, *et seq.* and 20 C.F.R. pt. 416.

On 22 June 2010, a hearing was held before an Administrative Law Judge ("ALJ"). Tr. 28-49. In a written decision dated 10 September 2010, the ALJ found that plaintiff was not disabled and therefore not entitled to DIB or SSI. Tr. 11-22. Plaintiff timely requested review by the Appeals Council. Tr. 5-7. The Appeals Council denied the request for review on 21 June 2011. Tr. 1-4. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff commenced this proceeding for judicial review on 9 May 2011, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* Mot. (D.E. 1); Am. *In Forma Pauperis* Mot. (D.E. 4); Order Allowing Mot. (D.E. 5); Compl. (D.E. 6)).

**B.    Standards for Disability**

**1. Five-Step Analysis**

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A); *see* 42 U.S.C. § 1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1523, 416.923. If a medically severe combination of impairments is found, the combined impact of

3

those impairments will be considered throughout the disability determination process. 20 C.F.R. §§ 404.1523, 416.923.

### 2. Materiality of Drug Addiction or Alcoholism

If under this analysis a claimant is found to be disabled and there is medical evidence that the claimant has drug addiction or alcoholism ("DAA"),[1] an additional determination is required—namely, whether such substance abuse is a contributing factor material to the determination of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). If the substance abuse is found to be material, the claimant cannot be considered disabled under the Act. *See* 42 U.S.C.A. §§ 423(d)(2)(C), 1382c(a)(3)(J) (providing that a claimant "shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled"). The burden of proving that the drug addiction or alcoholism is not material falls on the claimant. *Bridgeman v. Astrue*, No. 4:07-CV-81-D, 2008 WL 1803619, at *3 (E.D.N.C. 21 Apr. 2008) (citing *Sanders v. Apfel*, No. 3:00-CV-296-H, 2001 WL 114360, at *6 (W.D.N.C. Jan. 26, 2001)); *see also Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999) (holding that a claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to her disability).

The key factor examined in making the materiality determination on drug addiction or alcoholism is whether the claimant would still be disabled if he stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). To make this determination, an evaluation is made regarding which of the physical and mental limitations that the claimant has when using drugs or alcohol would remain if he stopped such use and then whether any of the remaining limitations would be disabling. *Id.* If the remaining limitations are found not disabling, the claimant's substance abuse is deemed a contributing factor material to the determination of disability, and

---

[1] Terms such as "substance abuse" and "drug and alcohol abuse" are used herein synonymously with DAA.

the claimant is determined to be not disabled. *Id.* §§ 404.1535(b)(2)(i), 416.935(b)(2)(i). On the other hand, if the remaining limitations are found to be disabling, the substance abuse is deemed not to be material, and the claimant is deemed disabled. *Id.* §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii).

In cases where, as here, substance abuse disorders coexist with other mental impairments, the Social Security Administration ("SSA") recognizes that it can be difficult to disentangle the mental limitations imposed by the substance use disorder and those resulting from other mental impairments. *See* Questions and Answers Concerning DAA from 2 July 1996 Teleconference, No.EM-96200, https://secure.ssa.gov/apps10/public/reference.nsf/links/04292003041931PM, Ques. 29 (SSA 30 Aug. 1996) (last visited 5 Sep. 2012). According to SSA policy, the evidence "most useful" to distinguishing between the limitations imposed by drug addiction and alcoholism and the limitations from other impairments is that relating to a period when the individual is not using drugs or alcohol. *Id.* Ans. to Ques. 29. If it is not possible to separate the limitations imposed by the substance abuse from those resulting from the other mental impairments, SSA policy is that the substance abuse should be found not to be a contributing factor material to the disability determination. *Id.*

### C. Findings of the ALJ

Plaintiff was 33 years old on the alleged onset date of disability and 37 years old on the date of the administrative hearing.[2] Plaintiff completed tenth grade, and his past work experience includes seasonal farm work, lube technician, and heating and air conditioning work. Tr. 33.

---

[2] Plaintiff did not testify as to his age at the hearing, nor is his age included in the ALJ's decision. Although plaintiff's memorandum indicates that his date of birth is 5 December 1962 and that he was 43 years old at the time he became disabled (Pl.'s Mem. 3), the court presumes this is an error since it differs from plaintiff's application for benefits and other medical records, which indicate a 20 August 1972 birthdate. *See, e.g.,* Tr. 55, 146, 290.

5

Applying the five-step analysis of 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Tr. 14 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments which are severe within the meaning of the Regulations: diabetes mellitus; chronic pancreatitis; history of drug addiction and alcoholism; depression; and anxiety. Tr. 14 ¶ 3; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found that plaintiff's impairments, including his substance abuse, met listings 12.04 (affective disorders), 12.06 (anxiety related disorders), and 12.09 (substance addiction disorders). Tr. 14 ¶ 4. Listings 12.04 and 12.06 are met if, in addition to meeting specified A criteria, an individual meets the B or C criteria. The B criteria are met by having at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.[3] *See* Listings 12.04B, 12.06B; *see also* Listing 12.00C (assessment of severity). Listing 12.09 is met when there are behavioral or physical changes associated with the regular use of substances that affect the central nervous system and any one of various specified listings is met, including the other applicable listings here, Listings 12.04 and 12.06.

In addition to finding that plaintiff met the A criteria of Listings 12.04 and 12.06, the ALJ found that he met the B criteria because he had marked difficulties in maintaining social functioning and maintaining concentration, persistence, or pace. Tr. 14 ¶ 4. The ALJ also found that plaintiff had only moderate restrictions of daily living and no episodes of decompensation.

---

[3] For the first three functional areas, the ratings in order of increasing level of limitation are none, mild, moderate, marked, and extreme. *See* 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). In the last area, "repeated episodes of decompensation, each of extended duration" means three episodes within one year or an average of one very four months, each lasting at least two weeks. Listing 12.00C4.

Tr. 14 ¶ 4. He therefore did not address the alternate C criteria of these listings. Because plaintiff met Listings 12.04 and 12.06, the ALJ found he also met Listing 12.09. Based on plaintiff's meeting these listings, the ALJ determined that with the substance abuse plaintiff was disabled. Plaintiff does not challenge these findings.

Because there was medical evidence that plaintiff has drug addiction or alcoholism, the ALJ then evaluated whether such substance abuse was a contributing factor material to the determination of disability, as directed by the Regulations. 20 C.F.R. §§ 404.1535(a), 416.935(a). He revisited the relevant steps of the five-step analysis, evaluating the limitations that would remain if plaintiff stopped using drugs or alcohol. He found at step two that plaintiff's remaining limitations would be severe. Tr. 15 ¶ 5. At step three, however, he determined that the impairments would not meet or medically equal any listings. Tr. 15 ¶ 6. He found that the B criteria of Listings 12.04 and 12.06 would no longer be met because plaintiff would have only mild, rather than marked, difficulties in maintaining social functioning and moderate, not marked, difficulties in maintaining concentration, persistence, or pace. Tr. 15-16 ¶ 6. He found that plaintiff would have mild, rather than moderate, restrictions in activities of daily living and would continue to have no episodes of decompensation if he stopped using alcohol and drugs. Tr. 16 ¶ 6. The ALJ also found that the alternate C criteria would not be met. Tr. 16 ¶ 6. As a result of plaintiff's failure to meet Listings 12.04 and 12.06, the ALJ found that he also failed to meet Listing 12.09. *See* Tr. 15 ¶ 6.

The ALJ next determined that if plaintiff stopped using drugs or alcohol, he would have the exertional RFC to do the full range of light work with mental limitations. Tr. 16 ¶ 7. Specifically, the ALJ determined that plaintiff would be limited to two to four step operations at an unskilled level, where duties are changed no more than one third of the time. Tr. 17 ¶ 7.

Based on this RFC, if plaintiff stopped his substance abuse, the ALJ found at step four that plaintiff could perform his past relevant work as a lube technician. Tr. 21 ¶ 8. In making this determination, the ALJ relied on the testimony of a vocational expert. Tr. 21 ¶ 8; 48-49. The ALJ accordingly concluded that plaintiff's drug and alcohol abuse is a contributing factor material to the determination of disability and that plaintiff is therefore not under a disability. Tr. 22 ¶ 9.

### D.  Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Id.* at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based

on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## II. DISCUSSION

### A. Plaintiff's Contentions

Plaintiff contends that the ALJ erred in finding that his mental impairments would not be disabling if he stopped abusing drugs or alcohol. He contends specifically that without substance abuse he would still have marked difficulties in maintaining both social functioning and concentration, persistence, or pace that would deprive him of the ability to perform any work.[4] As a result, he argues, he would not retain the RFC to perform light work and could not perform his past work as a lube technician. He concludes that drug or alcohol abuse was not a contributing factor material to the determination of disability and the ALJ erred in finding that it was. The court finds no error by the ALJ.

### B. Listings Determination at Step Three

The ALJ's assessment of plaintiff's ability to maintain social functioning and concentration, persistence, or pace without substance abuse, undertaken at step three of the

---

[4] In that event, plaintiff would meet Listings 12.04 and 12.06, as well as Listing 12.09, assuming, as plaintiff would presumably agree, he continued to satisfy the A criteria of Listings 12.04 and 12.06. Satisfaction of these listings would, of course, establish plaintiff as disabled. Plaintiff does not expressly assert that argument, however, but instead proceeds to subsequent steps in the sequential analysis without characterizing them as alternative in nature.

9

sequential analysis, is lawful. In finding that plaintiff would have only mild difficulties in maintaining social functioning without substance abuse, the ALJ explained:

> Although[] the claimant has [a] tendency to isolate himself, there is no impairment in his ability to relate others, including family members and friends. He is able to function independently for public activities.

Tr. 16 ¶ 6.

The ALJ explained his determination that plaintiff would have only moderate difficulties in concentration, persistence, or pace if he stopped substance abuse by stating:

> The claimant is able to understand, retain, and follow instructions. Even in the absence of substance abuse, however, the claimant's depression and generalized anxiety disorder would continue to have a moderate impact on his concentration, persistence, and pace.

Tr. 16 ¶ 6.

In support of this analysis, the ALJ cited, in part, to a statement of daily activities by plaintiff dated 19 July 2008 (Tr. 164-70) and a third-party function report by plaintiff's friend, Sandra Hardison, dated 5 November 2008 (Tr. 206-13). Tr. 16 ¶ 6. The statement by plaintiff shows that he performed a broad range of daily activities. As the ALJ stated, "[t]he claimant is independent in his activities of daily living and is able to maintain adequate hygiene, manage finances, perform yard work, and shop, even with his extensive alcohol and substance abuse." Tr. 15 ¶ 6. She also observed that plaintiff's activities of daily living would improve in the absence of drug and alcohol abuse. Tr. 15 ¶ 6.

The third-party report corroborated plaintiff's statement. The ALJ summarized the report as follows:

> Sandra Hardison, reported . . . that the claimant was independent in his activities of personal care and spent his days watching television and sitting on his front porch. She also stated that the claimant was able to perform household chores and yard work with breaks, as well as prepare a full meal. In addition, she indicated that they would get together with a group a[nd] play Spades.

Tr. 20 ¶ 7.

The ALJ also cited to the consultative psychiatric examination of plaintiff performed by psychiatrist Suzanna F. Kitten, M.D. on 29 November 2008 (Tr. 609-14). Tr. 16 ¶ 6; *see also* Tr. 15 ¶ 4; 19-20 ¶ 7. As the ALJ noted, Dr. Kitten opined that at the time of her examination, plaintiff was "able to understand, retain, and follow instructions;" "to relate to others including fellow workers and supervisors;" and "to psychiatrically tolerate the stress and pressures associated with day-to-day work activity." Tr. 614 (cited at Tr. 21 ¶ 7). She also found that plaintiff was then "not able to sustain attention to perform simple repetitive task[s]." Tr. 614 (cited at Tr. 21 ¶ 7). She further opined, however, that plaintiff could perform on a much higher level with treatment. Tr. 21 ¶ 7. Dr. Kitten stated:

> [In] terms of the patient's depression and anxiety, it appears with treatment the patient could perform on a much higher level. It appears that the patient is being undertreated by Zoloft at this time and would benefit from ongoing medication management along with talk therapy if the patient were willing to obtain this treatment.

Tr. 614. In addition, Dr. Kitten made an express finding that plaintiff's alcohol abuse played an important role in his mental impairments: "the patient's chronic alcoholism has contributed to his decline and he would benefit greatly from substance abuse treatment on a long-term basis." Tr. 614.

The ALJ explained that she gave significant weight to Dr. Kitten's opinions, in part, because they are "consistent with the evidence of record." Tr. 15 ¶ 4. Significantly, the supporting evidence includes medical records showing that plaintiff's mental impairments improved when plaintiff was not engaging in substance abuse. *See* Tr., *e.g.*, 262, 264. She also stated that "[t]here are no contradictory opinions of record regarding the materiality of the claimant's substance abuse." Tr. 15 ¶ 4. The court finds the ALJ's treatment of Dr. Kitten's

opinions to be lawful. *See* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (stating that the opinions of physicians who examine a claimant are generally entitled to more weight than those of physicians who did not perform an examination); Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2 (2 July 1996).

Having lawfully determined that plaintiff would have only mild difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence, or pace if he stopped using drugs and alcohol, the ALJ lawfully determined that plaintiff would not meet the B criteria of Listings 12.04 and 12.06. He also lawfully determined that plaintiff would not meet the alternate C criteria if plaintiff stopped his substance abuse,[5] a determination plaintiff does not challenge. Thus, the ALJ's determination at step two of the sequential analysis that plaintiff would not meet Listings 12.04 and 12.06, and thereby Listing 12.09, if he stopped his substance abuse was lawful.

### C. RFC Determination

The same body of evidence constitutes substantial evidence in support of the ALJ's determination that plaintiff had the RFC to perform light work with mental limitations if he stopped his substance abuse. In addition, with respect to plaintiff's depression and anxiety specifically, the ALJ cited to plaintiff's mental status examinations, which "revealed mild symptoms at best and were generally normal." Tr. 20 ¶ 7. The ALJ accurately discussed this evidence in his decision. Tr. 17-20 ¶ 7. He also noted that "the exacerbations of these

---

[5] With respect to the paragraph C criteria in Listing 12.04, the ALJ found: "The claimant's depression has not caused repeated episodes of decompensation; or a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or a current history of one or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement." Tr. 16 ¶ 6. With respect to the C criteria in Listing 12.06, the ALJ found: "[T]he claimant's symptoms of anxiety have not resulted in an inability to function independently outside of his home." Tr. 16 ¶ 6. Substantial evidence supports these determinations.

Case 4:11-cv-00138-FL   Document 47   Filed 09/06/12   Page 12 of 15

impairments were triggered by medication noncompliance and/or unusual traumatic events (*e.g.*, death);" "his symptoms of depression were frequently exhibited in the presence of alcohol and/or substance abuse, which certainly aggravated the underlying condition;" and "[t]here is no indication that the claimant physical and mental impairments have resulted in significant limitations in his daily activities." Tr. 20 ¶ 7. There is substantial evidence for all these determinations. *See* Tr., *e.g.*, 309, 718.

As for pertinent opinion evidence, in addition to addressing Dr. Kitten's opinions, as indicated, the ALJ discussed the opinions of nonexamining state agency psychologist, W.W. Albertson, Ed.D., as set out in a mental RFC assessment dated 29 December 2008 (Tr. 688-91).[6] Tr. 21 ¶ 7. Dr. Albertson found that with substance abuse plaintiff could perform simple repetitive routine tasks ("SRRTs") in a low-stress environment. Tr. 21 ¶ 7; 690; *see also* Tr. 674-87 (psychiatric review technique form completed by Dr. Albertson on 29 Dec. 2008 stating same conclusion at p. 686). The ALJ stated that he gave Dr. Albertson's assessment "[s]ome weight . . . insofar as it is consistent with the claimant's functional capabilities in the absence of alcohol and substance abuse." Tr. 21 ¶ 7. Plaintiff does not specifically challenge this analysis by the ALJ and the court finds it lawful.[7] *See* 20 C.F.R. §§ 404.1527(f), 416.927(f). For this and the other reasons discussed, the court concludes that the ALJ's RFC determination for plaintiff

---

[6] The ALJ does not address the opinions of nonexamining state agency consulting psychiatrist Carol Kossman, M.D. as set forth in a psychiatric review technique form dated 31 July 2008. Tr. 334-47. This omission arguably violated the ALJ's obligation to discuss all medical opinion evidence. *See* §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii) (stating that unless the treating source's medical opinions are given controlling weight, the ALJ must explain in his decision the weight given to the opinions of nonexamining sources as he must do for treating source opinions); Soc. Sec. Ruling 96-6p, 1996 WL 374180, at *2. But plaintiff does not complain of this omission and understandably so since the consultant found plaintiff less limited than the ALJ, determining that he had only the nonsevere impairment of depression and only mild restrictions in activities of daily living, and mild difficulties in maintaining social functioning and concentration, persistence, or pace. Tr. 334, 337, 344. The ALJ's failure to address Dr. Kossman's opinions was harmless.

[7] Plaintiff also did not specifically challenge another portion of the analysis underlying the ALJ's RFC determination—namely, the ALJ's determination that plaintiff's statements regarding his symptoms in the absence of substance abuse were not entirely credible. Tr. 17 ¶ 7; 20-21 ¶ 7. Nevertheless, the court finds no error in the credibility determination.

13

Case 4:11-cv-00138-FL   Document 47   Filed 09/06/12   Page 13 of 15

when not abusing drugs or alcohol is supported by substantial evidence and based on the proper legal standards.

## D. Determination on Past Relevant Work at Step Four

The court reaches the same conclusion with respect to the ALJ's determination at step four that plaintiff could perform his past relevant work as a lube technician. The ALJ based this determination on the testimony of the vocational expert that plaintiff could perform this work if he had the RFC the ALJ found he would have in the absence of substance abuse. Tr. 48-49. The vocational expert explained that the job is at the light exertional level and, while technically semi-skilled, it was within plaintiff's capacity because it could be learned within only 30 days. Tr. 48-49. The ALJ made the finding that "[p]ursuant to [Soc. Sec. Ruling 00-4p, 2000 WL 1898704 (4 Dec. 2000)], the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles[;] however, the vocational expert's testimony that the lube technician job duties could be learned in 30 days was based on his expertise and experience in the field." Tr. 22 ¶ 8.

## E. Determination on Drug and Alcohol Abuse as Material Contributing Factor

Because the ALJ lawfully determined that plaintiff could perform his past relevant work as a lube technician, the ALJ's resultant determination that plaintiff's drug and alcohol abuse was a contributing factor material to his disability was lawful. Nevertheless, plaintiff argues that his mental impairments were the result of stressors, such as the death of his cousin whom he viewed as a brother, rather than drug or alcohol abuse. He therefore contends that his substance abuse did not contribute to his disability.

As noted, however, substantial evidence supports the ALJ's determination that such "unusual traumatic events" served simply to exacerbate his depression and anxiety. Tr. 20 ¶ 7.

This evidence includes a notation to that effect in Dr. Kitten's report: "The patient states episodes of stress, which has caused him exacerbation of symptoms and induced deterioration, include his brother [*i.e.*, cousin] dying." Tr. 609. Dr. Kitten also opined, of course, that "chronic alcoholism has contributed to his decline and he would benefit greatly from substance abuse treatment on a long-term basis." Tr. 614.

The court concludes that the ALJ's decision is supported by substantial evidence and based on the proper legal standards. The decision will therefore be affirmed.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Commissioner's motion for judgment on the pleadings (D.E.45) is ALLOWED, plaintiff's motion for judgment on the pleadings (D.E. 37) is DENIED, and the final decision of the Commissioner is AFFIRMED.

This, the 6th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge